UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY COBAI,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF THE TREASURY,<br>INTERNAL REVENUE SERVICE,<br><br>        Defendant. | Case No. 23-cv-01631-JD<br><br>**ORDER RE DISMISSAL** |

Pro se plaintiff Gregory Cobai says that defendants the United States of America, the Department of the Treasury, and the Internal Revenue Service (IRS) "cannot prove" that they have the authority to tax him, and on that basis seeks a refund of all federal taxes and penalties paid for tax years dating back to 2007, and all monies collected via wage garnishments. Dkt. No. 1 ¶ 2. *See id*. ¶¶ 61, 63. The government defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 5. Cobai filed an opposition. Dkt. No. 11. After reviewing the complaint with the liberality warranted for pro se litigants, it is dismissed.

The Court lacks subject matter jurisdiction over the refund claim because Cobai did not adequately demonstrate that he filed a proper administrative claim with the IRS prior to filing suit. *See* 26 U.S.C. § 7422(a). As a result, he "failed to satisfy a necessary condition of the waiver of sovereign immunity under [26 U.S.C.] § 1346(a)(1)," and the Court "is necessarily divested of jurisdiction over the action." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007); *see also Libitzky v. United States*, No. 18-cv-00792-JD, 2021 WL 3471175, at *3 (N.D. Cal. Aug. 6, 2021). Although Cobai filed two refund claims with the IRS, *see* Dkt. No. 5-1, they do not meet the requirements of section 7422(a), and so the conditions of the United States' waiver of sovereign immunity are not met.

In support of his claim for a refund of all taxes paid for tax years 2006-2012, Cobai stated: "IRS has no evidence to prove their claims. They admitted they cannot prove any laws apply and

they do not have to prove any laws apply." Dkt. No. 5-1 at ECF p. 4.  And further: "Not one IRS agent, manager, or employee has ever produced facts or evidence to support their claims I owe them, I have an obligation to IRS, or IRS has/had jurisdiction over me." *Id*. at ECF p. 16.  The refund claim for 2015, 2020, and 2021, repeats that refrain.  *See* Dkt. No. 5-1 at ECF p. 20.

The ostensible refund claims did not "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985) (quoting 26 C.F.R. § 301.6402-2(b)(1)).  Cobai demanded that the agency prove its legal authority to tax him, but he did not disclose any reason why he might not be subject to taxation, let alone taxation in the amounts demanded.  In addition, Cobai did not plausibly allege that he made informal statements to those effects.  *See Libitzky v. United States*, No. 18-cv-00792-JD, 2023 WL 2344210, at *8 (N.D. Cal. Mar. 2, 2023).  Because Cobai did not "adequately apprise" the agency of the basis for his claims so that it could investigate them, *Boyd*, 762 F.2d at 1372, "the suit must be dismissed," *id*. at 1371 (citing *L.E. Myers Co. v. United States,* 673 F.2d 1366, 1367 (Ct. Cl. 1982)).

The refund claims are further deficient because they were not "verified by a written declaration that [they were] made under the penalties of perjury." 26 C.F.R. § 301.6402-2(b)(1).

For the allegations of improper collection, Cobai does not allege a statutory basis for this Court's jurisdiction.  *See* Dkt. No. 1 ¶ 63.  To the extent he intends to pursue a cause of action based on 26 U.S.C. § 7433, he again has not plausibly alleged that he filed a proper administrative claim, *see* 26 C.F.R. § 301.7433-1(e), or that this lawsuit is timely, *see id*. § 301.7433-1(g).

Cobai may file an amended complaint by January 17, 2024, that addresses the Court's concerns.  A failure to meet this deadline will result in dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 12, 2023

JAMES DONATO
United States District Judge

2