UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY COBAI,

    Plaintiff,

v.

UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,

    Defendant.

Case No. 23-cv-01631-JD

**SECOND ORDER RE DISMISSAL**

    The Court dismissed the original complaint filed by pro se plaintiff Gregory Cobai for lack of subject matter jurisdiction "because Cobai did not adequately demonstrate that he filed a proper administrative claim with the IRS prior to filing suit." Dkt. No. 15 at 1 (citing 26 U.S.C. § 7422(a)). The ostensible refund claims did not adequately apprise the IRS of the basis for Cobai's objection to the tax assessments, and they were not verified by a declaration made under penalty of perjury. *See Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985); 26 C.F.R. § 301.6402-2(b)(1). The collections-related claim was dismissed because the complaint did not allege a statutory basis for relief, or that Cobai met the requirements to bring a damages claim pursuant to 26 U.S.C. § 7433. *See* Dkt. No. 15 at 2.

    Dismissal was with leave to amend, and Cobai filed an amended complaint. Dkt. No. 16 (FAC). The FAC is virtually identical in substance to the dismissed complaint. Cobai re-alleges that the IRS lacks "evidence or facts to prove and/or support their claims that Plaintiff has an obligation to pay money to the IRS because it has jurisdiction over Plaintiff pursuant to the Internal Revenue Code (IRC)." *Id*. ¶ 3. Defendants ask to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 21.

1    The FAC did not materially improve the shortfalls of the prior complaint. The ostensible refund claim attached to the FAC does not "specifically mention[]" any factual or legal basis to contest Cobai's tax liability. *Synergy Staffing, Inc. v. U.S. I.R.S.*, 323 F.3d 1157, 1161 (9th Cir. 2003). It questions the IRS's authority to tax Cobai but says nothing beyond that. *See* Dkt. No. 16, Exh. A at ECF p. 19 (IRS has no "evidence or facts to prove and/or support their claims the Internal Revenue Code (IRC) applies to me, the laws apply to me, IRS has jurisdiction over me, and that I have an obligation to IRS to pay money."). This does not establish grounds on which to sue the IRS. *See* 26 C.F.R. § 301.6402-2(b).

For Count II, which seeks a refund of garnished wages, Cobai again invokes the refund statute. Dkt. No. 22 at 6. But the only monetary remedy for improper collections activity is provided by Section 7433. *See* 26 U.S.C. § 7433(a) ("Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions."). That section has its own exhaustion and timing requirements, which were cited in the prior order, and with which Cobai has not demonstrated compliance. *See* Dkt. No. 15 at 2 (citing 26 C.F.R. §§ 301.7433-1(e), (g)). The FAC alleges improper collection activity in 2018. *See* Dkt. No. 16 ¶¶ 63-66. The complaint, Dkt. No. 1, was not filed until April 5, 2023, well-after the 2-year statute of limitations had expired. *See* 26 U.S.C. § 7433(d)(3); *see also Cornejo v. United States*, 585 Fed. App'x 373 (9th Cir. 2014) (unpublished).

Cobai has been given multiple opportunities to establish the Court's jurisdiction and plausibly allege a claim. He has come up short. The Court has reviewed the pleadings with the generous reading afforded a pro se litigant. Further amendment is not warranted, and the complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 29, 2024

_____
JAMES DONATO
United States District Judge